## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERYL WALLACE | : | CIVIL ACTION |
| v. | : | |
| INTERNATIONAL LIFESTYLES, INC., | : | |
| SUPERCLUBS INTERNATIONAL, LTD., | : | |
| SUPERCLUBS PROPERTIES, LTD., | : | NO. 06-1468 |
| VRL INTERNATIONAL, LTD., and | : | |
| INNOVATIVE RESORTS, LTD. | : | |

## MEMORANDUM RE: MOTIONS FOR RECONSIDERATION

**Baylson, J.**                                                      **March 6, 2008**

Presently before this Court are Motions for Reconsideration of this Court's August 24, 2007 Order, which granted Defendants' Motions to Dismiss for lack of personal jurisdiction as to all Defendants, other than International Lifestyles, Inc. ("ILI"). In that Order, the Court also denied Plaintiff's alternative request to transfer the case to the Southern District of Florida. All parties agree that this Court, as well as Florida,[1] has personal jurisdiction over Defendant ILI.

After reviewing Plaintiff's Motion for Reconsideration, the Court issued a September 28, 2007 Order (Doc. 99), which refused to reconsider its decision that there were insufficient facts upon which to find personal jurisdiction over the four Defendants who were dismissed in this Court, but agreed to reconsider its refusal to transfer this case to Florida. The Court then allowed

---

[1] Plaintiff requests transfer to the Southern District of Florida; however, this Memorandum will frequently refer to Florida because if Defendants are subject to jurisdiction in Florida, the case could be transferred to any of the three federal district courts in Florida.

Plaintiff to document from the record of the case the facts which show that jurisdiction and venue would be proper in Florida.

After consideration of both parties' numerous briefs and the relevant law, Plaintiff's Motions will be granted in part and denied in part in the following manner:

1)   There is no dispute that Florida does have jurisdiction over Defendant ILI.

2)   With respect to Defendants SuperClubs International, Ltd. ("SIL") and VRL International, Ltd. ("VRL"), Plaintiff has not shown any evidence that Florida would have jurisdiction over them.  Plaintiff has offered to voluntarily dismiss SIL and VRL if the Court will transfer the remaining Defendants to Florida.

3)   For the reasons discussed below, Plaintiff has established from the facts in the record that Florida does have jurisdiction over Defendant SuperClubs Properties, Ltd. ("SPL").

4)   Plaintiff has failed to present specific sufficient facts concerning Innovative Resorts, Ltd. ("IRL") and thus the Court must conclude that Florida does not have jurisdiction over Defendant IRL.

## I.   Contentions of the Parties

In her Second Supplemental Motion for Reconsideration (Doc. No. 105), Plaintiff argues that there is jurisdiction over all Defendants in Florida, pursuant to Florida's long-arm statute. Plaintiff further argues that Defendants have availed themselves of jurisdiction there as evidenced by numerous suits brought by them and their subsidiaries and alter-egos, and have had sufficient minimum contacts with Florida to satisfy jurisdictional requirements.

Plaintiff also contends that Fla. Stat. § 48.193(2) does not require a nexus between the

cause of action and the Defendants' contacts with the State in order to establish personal jurisdiction.  Plaintiff further argues that the interrelatedness and agency relations found by this Court between Defendant ILI and the remaining Defendants (in the August 24, 2007 Order) is sufficient under Florida law to confer jurisdiction in Florida.  Plaintiff contends that the Court of Appeals for the Eleventh Circuit specifically allows exercise of jurisdiction over foreign corporations where corporate separation is for formal purposes only, and as ILI is indistinct from SPL and IRL, transfer would be proper.

Defendants filed a Response (Doc. 108), arguing that this case cannot be transferred to Florida unless Florida courts would have personal jurisdiction over *all* the defendants, pursuant to 28 U.S.C. § 1631.  Defendants admit that the Florida courts would have personal jurisdiction over Defendant ILI, but contend that Plaintiff has not met her burden of showing that Florida would have jurisdiction over the remaining defendants.  Moreover, Defendants contend that under the Florida long-arm statute on which Plaintiff relies, establishing that personal jurisdiction would lie in Florida over all defendants would require a showing of continuous and systematic business activities in Florida by each of the Defendants.  Defendants contend that Plaintiff has failed to show this.

In her Reply (Doc. No. 109), Plaintiff argues that Defendants are integral parts of the "SuperClubs" corporate structure.  Without waiving any of her prior arguments, Plaintiff would agree to dismiss two defendants (SIL and VRL) in the event that their inclusion in the case is found to impede the transfer to Florida.  Plaintiff further contends that the Court's prior finding that an agency relationship exists between the remaining Defendants (ILI, SPL and IRL) is sufficient under the Florida long-arm statute, because there is no requirement of connection

between a defendant's activities and the cause of action.

In their letter responding to the Court's questions (Doc. 111), Defendants continue to argue that there is no Florida jurisdiction over any of the Defendants (other than ILI). They rely on Mr. Trotta's deposition, stating that ILI is independent from SPL and IRL and provides services to many non-SuperClubs hotels. Defendants do not argue that dismissal of any Defendants must be with prejudice.

In her letter responding to the Court's questions (Doc. 112, 113), Plaintiff reiterates many of her prior arguments concerning alleged Florida jurisdiction over IRL. Plaintiff argues that corporate separation between IRL and ILI is formal in nature only, and that the interrelationship between the two is enough to satisfy jurisdiction. Plaintiff would not agree to a voluntary dismissal of IRL, and contends that for those Defendants who are dismissed, they should be dismissed without prejudice.

## II.    Background

### A.    Factual Background

Plaintiff Sheryl Wallace ("Plaintiff," "Ms. Wallace") was staying at Breezes Runaway Bay, (hereinafter "the Resort"), located in Jamaica, W.I. On January 8, 2005, Plaintiff allegedly slipped and/or tripped on a walkway near the pool area of the Resort and sustained multiple injuries. (Second Am. Compl., Doc. No. 31, ¶¶ 18-26). Plaintiff alleges that, at all times relevant to this action, all Defendants "owned, leased, possessed, managed, maintained, advertised for and/or controlled the premises known as Breezes Runaway Bay located in Jamaica." (Second Am. Compl., Doc. No. 31, ¶ 12).

Plaintiff has alleged from the outset that all Defendants are subject to jurisdiction in

Pennsylvania, but the Court's August 24, 2007 Order rejected this argument.  Defendants assert

that the Resort is not a legal entity, but a tradename of Superlubs Properties, Ltd. (SPL), a

Jamaican company with no place of business in Florida.  Defendants SPL and IRL entered a Joint

Venture agreement, in which they agreed to own, operate and manage Breezes Runaway Bay.

Neither SPL nor IRL is incorporated in Florida; both are Jamaican corporations.  ILI is a

Delaware corporation that maintains its principal place of business in Florida.  ILI provides

marketing and sales services to various hotels, including Breezes Runaway Bay.  ILI is owned by

non-party Travel Holdings, Ltd.  (Trotter Ex. A pp. 32-33, Fisher Ex. B, pp. 27-35, 39-40).

Defendants contend that SPL, IRL and ILI are three distinct entities.

Stuart Fisher is the Executive Vice-President of Defendants SPL, IRL and VRL.  (Fisher

Ex. B, pp. 19-22).  John Issa is the Chairman of these Defendants.  Thomas Trotta is the

President of Defendant ILI.  Mr. Trotta was hired by Mr. Fisher, who also sets Mr. Trotta's

salary.  Mr. Trotta reports to Mr. Issa.  (Fisher Ex. B, pp. 27-35).

ILI has a license to use certain VRL International, Ltd. (VRL) trademarks in the United

States in its business of selling Carribean vacations.  VRL is a Cayman Islands corporation.

(Answer to Am. Compl., Doc. No. 36, ¶ 2, 5; Def.'s Mot. to Dismiss, Doc. No. 54, ¶ 5).

SuperClubs International, Ltd. (SIL) is a Cayman Islands corporation.  (Def.'s Mot. to Dismiss,

Doc. No. 41).

### B.    Procedural History

Plaintiff filed her Complaint on April 6, 2006 (Doc. No. 1).  Defendants filed various

Motions to Dismiss for lack of personal jurisdiction.  After discovery and an extensive hearing

on August 23, 2007 on the issue of jurisdiction and all outstanding motions, the Court granted

Defendants' Motions to Dismiss as to all Defendants except ILI and denied Plaintiff's Motion to Transfer Venue on August 24, 2007 (Doc. No. 93). Plaintiff filed a Motion for Reconsideration of the Court's August 24, 2007 Order. (Doc. No. 95). Defendants filed a Response (Doc. No. 96). Plaintiff filed a Reply (Doc. No. 97).

On September 28, 2007, the Court filed an Order (Doc. No. 99), requiring Plaintiff to file a brief documenting from the present record of this case that the facts show that jurisdiction and venue would be proper as to any Defendant in Florida. Plaintiff filed a Supplemental Motion for Reconsideration (Doc. No. 100, 101). Defendants filed a Response. (Doc. 103).

Following an off-the-record conference call on December 4, 2007, the Court ordered Plaintiff to file another brief, specifically asking her to either demonstrate that Florida had jurisdiction over one or more of the other defendants besides ILI, or that this Court has the power to transfer this case to Florida based on 28 U.S.C. § 1391(a)(3), notwithstanding the provisions of 28 U.S.C. § 1631 (Doc. No. 104). Plaintiff filed a Second Supplemental Motion for Reconsideration. (Doc. No. 105, 106). Defendants filed a Response (Doc. No. 108). Plaintiff filed a Reply (Doc. No. 109).

On February 15, 2008, the Court asked the parties to submit letters to the Court, asking specific questions about (1) Defendants' position regarding Plaintiff's suggestion of dismissing SIL and VRL while transferring the remaining Defendants, (2) whether the Defendants should be dismissed with or without prejudice, (3) whether there was a lack of Florida jurisdiction over Defendant IRL, (4) the independent nature of ILI, as evidenced by Mr. Trotta's testimony, (5) Plaintiff's position as to IRL; and (6) continuing the case against ILI in this Court if Plaintiff's request for transfer is denied. Both Defendants and Plaintiff filed letters, responding to most of

these questions. (Doc. 111, 112, 113).

### III.   Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986).  A court should grant a motion for reconsideration only if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) there is an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice.  Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Section 1391(a) provides that when a civil action is founded only on diversity of citizenship, it may be "brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).

Pursuant to 28 U.S.C. § 1406(a), a district court "of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  In addition,

transfer to cure want of jurisdiction is also appropriate under 28 U.S.C. § 1631, which allows a district court to transfer a case, "if it is in the interest of justice," to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."  Id.; Lawman Armor Corp. v. Simon, 319 F.Supp.2d 499, 506-07 (E.D.Pa. 2004). It is the moving party's burden to show that the potential transferee district court could exercise personal jurisdiction over the defendants.  See Selas Fluid Processing Corp. v. Spilman, 2006 WL 890818 *5 (E.D.Pa. Apr. 3, 2006) (finding that plaintiff had not met its burden of showing that the District Court for the Northern District of Indiana would have personal jurisdiction over all the defendants).

**IV.    Discussion**

> A.    As Previously Held, The District Court for the Eastern District of Pennsylvania Does Not Have Personal Jurisdiction Over Defendants, Except ILI

As found in the August 24, 2007 Order, this Court does not have personal jurisdiction over any defendant besides ILI in this case.  Plaintiff failed to demonstrate that jurisdiction is proper under any of the provisions of the Pennsylvania long-arm statute.  See 42 Pa.C.S.A. § 5301 et seq.; Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587 (3d Cir. 1982) (finding no Pennsylvania jurisdiction over an out-of-state defendant due to a lack of significant contacts with the state).  There is no newly available evidence, intervening change in the controlling law or any error demonstrated by Plaintiffs on the part of the Court that would allow this Court to exercise personal jurisdiction over all of the Defendants.  For these reasons, the Court previously rejected Plaintiff's Motions for Reconsideration with respect to the personal

-8-

jurisdiction over all defendants, except ILI, in the Eastern District of Pennsylvania.

      B.      Reconsideration of Motion to Transfer to the Southern District of Florida

To determine whether the action can be transferred to Florida, as Plaintiff has requested for ILI, SPL and IRL, it is necessary to determine whether the action could have been brought in Florida at the time it was filed here, which requires analysis of whether Florida would have personal jurisdiction over all of these defendants.  28 U.S.C. § 1631; Selas Fluid Processing Corp., supra.

Plaintiff argues in favor of Florida jurisdiction for three separate reasons: (1) Defendants have been previously involved in litigation in Florida courts; (2) due to this Court's prior finding of an agency relationship between ILI, SPL and IRL, Florida would have jurisdiction over all three Defendants; and (3) Defendants are subject to the Florida long-arm statute.  These arguments will be addressed in turn.

      *1.     Previous Litigation in Florida Courts*

Plaintiff argues on reconsideration that Florida has personal jurisdiction over the Defendants because they have previously been involved in litigation in Florida courts.  (Pl.'s Second Suppl. Mot. for Recons., Doc. No. 105).  This argument is misguided.  It is true that a plaintiff, by bringing an action in Florida, subjects himself to the jurisdiction of the court and to subsequent lawful orders entered regarding the same subject matter of that action.  Gibbons v. Brown, 716 So.2d 868, 870 (Fla.App. 1 Dist., 1998), citing Glass v. Layton, 140 Fla. 522, 192 So. 330 (1937).  But the Court in Gibbons concluded that a person's previous suit does not necessarily confer personal jurisdiction in a later suit: "[a] current defendant's prior decision to bring a suit in Florida should not act indefinitely as a sword of Damocles hanging perilously over

the head of that defendant if she later challenges jurisdiction in a separate suit."  Id.  This is true

even if the second suit arises from the same subject matter as the first.  Id.  Thus, while some of

the present defendants have been sued previously in Florida, this prior litigation does not confer

personal jurisdiction over those sued or any of their current co-defendants.  See also U.S. v.

Subklew, 2001 WL 896473 (S.D.Fla. June 5, 2001) (finding no personal jurisdiction over a

defendant, despite the fact that he had previously defended an action in that same forum).

### 2.    The Agency Relationship Between ILI, SPL and IRL

Plaintiff relies heavily on the fact that in its August 24, 2007 Order, the Court stated that

"SPL and IRL exercise substantial control over the day-to-day operations of ILI, and Plaintiff has

therefore established the existence of an agency relationship between these entities."  (Doc. 93).

Plaintiff contends that the Court's finding concerning these agency relationships is sufficient

under Florida law to impart jurisdiction to all of the Defendants. (Doc. 105).

Just as the mere existence of an agency relationship was insufficient to confer

jurisdiction over SPL and IRL in this Court, it is equally insufficient, without more, to confer

jurisdiction in Florida courts.  In Meier v. Sun International Hotels, Ltd., 288 F.3d 1264 (11th

Cir. 2002), the Court found that the out-of-state corporations, through their Florida subsidiaries,

were subject to jurisdiction in Florida courts.  The Court did not reach this conclusion due to the

existence of a mere agency relationship, however; the Court found that the Florida subsidiaries

conducted business "solely" for the out-of-state Defendants.  Id. at 1273.  The nature and extent

of the agency relationship between ILI, SPL and IRL is discussed below in further detail.

### 3.    The Florida Long-Arm Statute

Section 48.193(2) of Florida state law defines acts subjecting a person to jurisdiction of

state courts: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity."  Fla. Stat. § 48.193(2).  An assertion of general jurisdiction based on a defendant being engaged in "substantial and not isolated activity" within the state requires a showing of continuous and systematic general business contacts with the state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Meier, 288 F.3d at 1269, n. 6;  Gadea v. Star Cruises, Ltd., 949 So.2d 1143, 1145 (Fla.App. 3 Dist. 2007).

Plaintiff contends correctly that the Eleventh Circuit allows exercise over foreign corporations where the corporate separation is formal only.  In Meier, the district court had granted defendants's motion to dismiss for lack of personal jurisdiction.  The Court of Appeals reversed, finding that the corporations, through their Florida subsidiaries, were subject to the general jurisdiction provision of the Florida long-arm statute.  Discussing the concept of agency, the Court of Appeals stated:

> Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there.  On the other hand, if the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity, then the subsidiary's business will be viewed as that of the parent and the latter will be said to be doing business in the jurisdiction through the subsidiary for purposes of asserting personal jurisdiction.

Id. at 1272 (internal quotations omitted).  In Meier, the Court found that the Florida subsidiaries conducted business "solely for" the other defendants, in part relying on a deposition by a defendant's comptroller that stated the subsidiary did not undertake "any business activity for anyone other than" the parent defendants.  Id. at 1273.

-11-

Similarly, in <u>Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino</u>, 447 F.3d 1357 (11th Cir. 2006), the Eleventh Circuit concluded there was general personal jurisdiction over a parent resort company under the Florida long-arm statute, relying in part on the affidavit of the subsidiary's Vice-President.  In that affidavit, the Vice-President said the subsidiary "operates solely for the purpose of national marketing for [a corporation] . . . [and markets and schedules reservations for [the parent corporation] . . . . Revenues generated for the [parent corporation] through [the subsidiary]'s marketing are realized at the [parent corporation]."  <u>Id</u>. at 1362.  The Court concluded, "Similar to the relationship between the Florida subsidiaries and the non-resident corporation in <u>Meier</u>, we find the relationship between [the subsidiary] and [the parent corporation] was such that [the subsidiary] was an 'agent' of [the parent corporation], and its activities may be used as the basis to assert general jurisdiction over [the parent corporation]." <u>Id.</u>

Florida state courts evaluate parent/subsidiary relationships in a similar way.  In <u>Gadea v. Star Cruises, Ltd.</u>, Star Cruises owned NCL Corporation, Ltd., which was a company doing substantial business in Florida.  Rafeal Gadea, who was injured while working on a Star Cruises' ship, brought suit in Florida, alleging that Florida had personal jurisdiction over Star due to Star's ownership of NCL.  Gadea cited the following "contacts with Florida" as demonstrating Star engaged in substantial and not isolated activity in the state: (1) Star's acquisition of NCL; (2) Star's installation of NCL's top management upon acquiring NCL; (3) Star's press releases and other public announcements representing NCL as an extension of Star and as a critical component of Star's global cruise line strategy; (4) Star's use of NCL's Miami headquarters as a booking agent for Star cruises; and (5) Star's advertisement of its cruises in NCL's brochures and

its listing of NCL's reservation number as a contact number for booking Star Cruises.  949 So.2d at 1145-46.

Despite these contacts, the Florida District Court of Appeal found that it had no personal jurisdiction over Star Cruises.  NCL's activity in Florida could not form the basis for a finding of general jurisdiction over Star Cruises: "A substantial body of Florida law makes clear that it is only where a parent corporation exerts such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs, that jurisdiction over the parent exists.  Sharing some officers and directors, having a unified or 'global' strategy and goals, cross-selling in promotional materials, and performing services for one another is not sufficient to satisfy this test."  Id. at 1146.[2]

Under Florida law, as under Pennsylvania law, the Court concludes the defendants cannot be grouped together; jurisdiction over some of the defendants is not sufficient for all of them to be transferred.[3]  Thus, the Court must analyze the Southern District of Florida's personal

---

[2] The Court in Gadea compared that case to a similar case from the Ninth Circuit.  See Kramer Motors, Inc. v. British Leyland, 628 F.2d 1175 (9th Cir.1980) (finding that multiple contacts between a parent and a subsidiary were insufficient to establish an agency because no evidence was shown that the parent controlled the internal day-to-day affairs of the subsidiary).  See also Banco Continental, S.A. v. Transcom Bank (Barbados), Ltd., 922 So. 2d 395, 400 (Fla. 3d DCA 2006), quoting Enic, PLC v. F.F. South & Co., Inc., 870 So. 2d 888, 891 (Fla. 5 DCA 2004) (noting "in order to hold a parent corporation liable for the acts of its subsidiary, the parent's control must be 'high and very significant,' such that the subsidiary functions for the sole purpose of achieving the parent's interests"); Greystone Tribeca Acquisition, L.L.C. v. Ronstrom, 863 So.2d 473 (Fla.App. 2 Dist., 2004) (holding that the presence of a subsidiary LLC in Florida did not subject parent LLC to long-arm jurisdiction).

[3] Plaintiff's argument that jurisdiction over all Defendants should exist because they have developed a corporate structure which allows the Resort to be advertised in the United States and to attract U.S. customers, but avoids liability for negligent acts, may have some logic but has not been accepted under governing law.

jurisdiction over each of the defendants in turn.

> a.    *International Lifestyles, Inc. (ILI)*

Defendants have admitted that the District Court for the Southern District of Florida would have personal jurisdiction over Defendant International Lifestyles, Inc.  (Def's Reply, Doc. No. 108).

> b.    *SuperClubs Properties, Ltd. (SPL)*

Plaintiff argues that SPL, through its agent ILI, operates, conducts, engages in and carries on business in Florida, and that this conduct satisfies Florida's long-arm statute for personal jurisdiction.  Specifically, Plaintiff has shown facts that:

- ILI represents SPL in marketing and sales activities in the United States (Doc. 109, Ex. A, pp. 32-33; Ex. B, pp. 39-40);

- SPL owns, operates and manages the property and resort of Breezes Runaway Bay (Doc. 109, Ex. B, pp. 27-35);

- some ILI executives and employees are hired, paid, supervised and can be terminated by SPL executives, and the President of ILI, Thomas Trotta, has reported to John Issa, Chairman of the Board and Director of SPL (Doc. 109, Ex. A, pp. 27-31; Ex. B, pp. 19-22);

- Mr. Trotta attends weekly marketing teleconference meetings with Mr. Issa, the ILI marketing staff, and vice-presidents of hotels associated with the Defendants, and Mr. Trotta also attends monthly meetings chaired by Mr. Issa (Doc. 109, Ex. A, pp. 41-42; Ex. B, pp. 80-81);

- SPL uses the address of ILI in Hollywood, Florida under the "Contacts" section of its website, and lists a Hollywood, Florida phone number and address in the Florida Travel Registry.  On its website, SPL also advertises jobs to work at SuperClubs and at the ILI office in Hollywood, Florida (Doc. 109, Ex. C); and

- SPL is a member of the Hollywood, Florida Chamber of Commerce and lists a Hollywood, Florida business address (Doc. 109, Ex. D).

Contacts, such as acquiring a subsidiary doing substantial business in Florida or exerting control over that subsidiary's top management would not be enough, independently, to establish general jurisdiction over a parent corporation.  Yet SPL not only has these contacts, but also maintains an office in Hollywood, Florida.  SPL advertises this Hollywood, Florida address as its own on its website, in the Florida Chamber of Commerce directory and in the Florida Travel Registry.  (See Doc. 109-4, 109-5, 109-6, 109-7, and 109-8).

Parts of the deposition of Mr. Trotta support the argument of Defendants.  In his deposition, counsel asks Mr. Trotta, "Do you offer [ILI services] to any hotel that is not in some way related to SuperClubs or John Issa?"  Mr. Trotta definitively answers "Yes."  Mr. Trotta continues to say ILI offers services to "virtually every Caribbean resort property that's out there," and that ILI has "existing agreements with approximately 20 non-SuperClubs hotels, most of which are based around services for selling hotels and hotel and air packages over the phone and over the Internet." (Doc. 109-2).  While Mr. Trotta's deposition is noteworthy, it does not diminish the significance of the fact that SPL openly maintains a Florida place of business.  While Defendants may contend that SPL is a Jamaican corporation with no place of business in Florida (Def.'s Mot. to Dismiss, Doc. No. 8), the Record clearly shows SPL as advertising a

-15-

business address in Florida.  The Third Circuit has stated that in reviewing a motion to dismiss

for lack of personal jurisdiction, it "'must accept all of the plaintiff's allegations as true and

construe disputed facts in favor of the plaintiff."  Pinker v. Roche Holdings Ltd., 292 F.3d 361

(3d Cir. 2002), quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.

1992).[4]  The holding in Gadea, cited by Defendants, has been carefully considered because it

declined jurisdiction on somewhat similar facts to SPL.  Under Third Circuit law, however, the

Court must construe all reasonable inferences in favor of Ms. Wallace, and in doing so,

concludes that Florida has personal jurisdiction over SPL.  The Court in Gadea does not discuss

or rely on this required inference.[5]  A key factor in determining that Florida has jurisdiction over

SPL is that SPL itself advertises and lists itself as having a Hollywood, Florida address and

phone number.  The fact that it is the same address and phone number as ILI does not detract

from its legal significance.

     For all of these reasons, this Court finds that Florida has personal jurisdiction over SPL.

        *c.*    *Innovative Resorts, Ltd. (IRL)*

     Plaintiff argues that IRL, through its agent ILI, operates, conducts, engages in and carries

on business in Florida, and that this conduct satisfies Florida's long-arm statute for personal

jurisdiction.  Specifically, Plaintiff alleges that:

---

    [4] The Eleventh Circuit has a similar rule.  See Meier, 288 F.3d at 1269, citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

    [5] In fact, the Court in Gadea concludes that the applicability of the long-arm statute must be resolved in favor of the *defendant* and against a conclusion that personal jurisdiction exists. Gadea, 949 So.2d at 1150 (emphasis added).  This Court, adhering to Third Circuit law, does not adopt that view.

- IRL owns, operates and manages the property and resort of Breezes Runaway Bay (Doc. 109, Ex. B, pp. 27-35); and

- some ILI executives and employees are hired, paid, supervised and can be terminated by IRL executives, and the President of ILI, Thomas Trotta, has reported to John Issa, Director of IRL (Doc. 109, Ex. A, pp. 27-31; Ex. B, pp. 19-22).

These facts are not enough to establish that Florida has jurisdiction over IRL. It does not appear from the record that IRL advertises in Florida or employs these Florida contacts. Plaintiff argues that the interrelationship between IRL, SPL and ILI is enough to provide Florida with personal jurisdiction over IRL. This is simply incorrect under existing law. While Plaintiff correctly points out that SPL and IRL entered into a joint venture concerning Breezes Runaway Bay, this joint venture concerned the Resort in Jamaica, and thus does not give Florida personal jurisdiction over Defendant IRL. Under relevant case law, personal jurisdiction over IRL would be satisfied by ILI's presence in Florida only if ILI existed solely for the purpose of benefitting IRL. The record clearly shows that ILI does not exist solely for the purpose of benefitting IRL, but, as Mr. Trotta testified, ILI has agreements with many non-SuperClubs hotels and does not operate entirely under IRL's control. (Doc. 109-2).

d.    *SuperClubs International, Ltd. (SIL) and VRL International, Ltd. (VRL)*

In her Reply brief, Plaintiff agrees to the dismissal of SIL and VRL from this matter "in the event that their inclusion in this case is found to be the impediment to transfer to Florida." (Doc. No. 109). Plaintiff has failed to meet her burden of showing that a Florida court would

have personal jurisdiction over IRL or either of these two remaining Defendants.  As such, this Court will not transfer the case against Defendants IRL, SIL or VRL to Florida.

**V.      Conclusion**

Based upon the above Memorandum, Plaintiff will have fourteen (14) days to voluntarily dismiss Defendants IRL, SIL and VRL, without prejudice.  If Plaintiff timely files this dismissal, the Court will then transfer the case against remaining Defendants, ILI and SPL, to Florida.  If Plaintiff fails to file this dismissal, the Court will conclude Plaintiff will proceed against ILI in this Court and the Court will set a discovery schedule for the case to continue against only Defendant ILI in the Eastern District of Pennsylvania.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHERYL WALLACE | : | CIVIL ACTION |
| v. | : | |
| INTERNATIONAL LIFESTYLES, INC., | : | |
| SUPERCLUBS INTERNATIONAL, LTD., | : | |
| SUPERCLUBS PROPERTIES, LTD., | : | NO. 06-1468 |
| VRL INTERNATIONAL, LTD., and | : | |
| INNOVATIVE RESORTS, LTD. | : | |

**<u>ORDER</u>**

AND NOW, this 6th day of March, 2008, upon careful consideration of Plaintiff's

Motion for Reconsideration, Supplemental Motion for Reconsideration, and Second

Supplemental Motion for Reconsideration, and all responsive briefings thereto, it is hereby

ORDERED:

1)     Plaintiff's Motion for Reconsideration (Doc. No. 95) is GRANTED in part and

DENIED in part;

2)     Plaintiff's Supplemental Motion for Reconsideration (Doc. No. 100, 101) is

GRANTED in part and DENIED in part;

3)     Plaintiff's Second Supplemental Motion for Reconsideration (Doc. No. 105, 106)

is GRANTED in part and DENIED in part;

4)   Plaintiff has fourteen (14) days to file a Notice to Dismiss, without prejudice, Defendants Innovative Resorts, Limited (IRL), SuperClubs International, Limited (SIL) and VRL International, Limited (VRL).

    a.   If Plaintiff files such notice, the Court will transfer the case against remaining Defendants International Lifestyles, Inc. (ILI) and SuperClubs Properties, Limited (SPL) to the Southern District of Florida.

    b.   If Plaintiff fails to file such notice, the following schedule applies for discovery as to the sole remaining Defendant, ILI:

        i.   Discovery deadline:   June 30, 3008

        ii.   Exchange of expert reports pursuant to Rule 26(a)(2):

           Plaintiff:   April 30, 2008

           Defendant:   May 30, 2008

        iii.   Deadline for dispositive motions:   July 11, 2008

        iv.   Pretrial Memoranda filed and served pursuant to Local Rule 16.1(c), and service of a copy of trial exhibits:

           Plaintiff:   July 18, 2008

           Defendant:   July 25, 2008

        v.   Date for trial or entry into trial pool:  September 8, 2008

The parties shall follow Judge Baylson's pretrial and trial

procedures.

BY THE COURT:

/s/ Michael M. Baylson

_____

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-1468 Wallace v. Int'l Lifestyles\Memorandum re Motions for Reconsideration.wpd