IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHERYL WALLACE                    :        CIVIL ACTION

v.                                :

INTERNATIONAL LIFESTYLES, INC., et al   :        NO. 06-1468

### MEMORANDUM RE: MOTION FOR RECONSIDERATION

**Baylson, J.**                                            June 10, 2008

      Defendant SuperClubs Properties, Limited (hereinafter "SPL") has filed the present Motion for Reconsideration of this Court's March 6, 2008 Order, Wallace v. International Lifestyles, 2008 WL 623811 (E.D.Pa. Mar. 6, 2008), or in the alternative, for a Certificate of Appeal by Permission and a Stay of the Proceedings pending appeal. For the following reasons, Defendant SPL's motion will be denied.

      In its March 6, 2008 Order, upon review of Plaintiff's three motions for reconsideration, this Court concluded that the District Court for the Southern District of Florida does not have jurisdiction over three defendants, but does have jurisdiction over Defendants SPL and International Lifestyles, Inc. ("ILI").[1] The Court based its conclusion on many factors, including but not limited to Plaintiff's showing of the following facts: ILI's representation of SPL in marketing and sales activities in the United States, SPL's control over the resort Breezes Runaway Bay, SPL executives' supervision of some ILI executives and employees, SPL's use of a Hollywood, Florida address under the "Contacts" section of the website www.superclubs.com (hereinafter "the SuperClubs website"), and SPL's membership in the Hollywood, Florida

---

[1] Defendants admitted that the Florida court would have personal jurisdiction over Defendant ILI. (Def.'s Reply, Doc. No. 108).

Chamber of Commerce listing a Hollywood, Florida business address.  <u>Wallace v. International Lifestyles</u>, 2008 WL 623811 at *8.

      Defendant SPL has now filed a Motion for Reconsideration (Doc. No. 115), arguing that the SuperClubs website is not owned or maintained by SPL, but is owned and maintained solely by ILI.  In support of its Motion, SPL attached the following: Exhibits A and B consist of this Court's March 6, 2008 Order and Memorandum; Exhibit C consists of print-outs from the SuperClubs website (which were previously submitted to this Court as attachments to Plaintiff's Reply in Support of her Motion for Reconsideration (Doc. 109)); Exhibit D is the Affidavit of Cameron Burnet (which was previously submitted to this Court as an attachment to Defendant SPL's Reply in Support of its Motion to Dismiss (Doc. 57)); and Exhibit E is the Affidavit of Thomas Trotta (which was previously submitted to this Court as an attachment to Defendant SPL's Reply in Support of its Motion to Dismiss (Doc. 57)).  In her Response (Doc. No. 118), Plaintiff argues that the website was only one of many factors on which the Court based its conclusion that the Florida district courts have jurisdiction over SPL, and alleges that Defendants selectively rely on varying definitions of the corporate entity "SuperClubs" in order to evade jurisdiction.

      The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), <u>cert</u>. <u>denied</u>, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986).  A court should grant a motion for reconsideration only if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) there is an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice.  <u>Max's Seafood Café</u>

ex. rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Industries, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Defendant SPL fails to establish any of the three grounds in order for this Court to grant the present motion. Defendant argues that this Court needs to correct its manifest error of law or fact, due to the fact that "the uncontradicted evidence is clear" that the website is not owned and maintained by SPL. (Def's Mot., ¶ 13). In support of this proposition, Defendant cites Exhibits D and E of its motion, which are the affidavits of Mr. Burnet and Mr. Trotta.

Mr. Burnet is the Senior Vice-President of VRL International Ltd. ("VRL") and SuperClubs International, Ltd. ("SIL"), two defendants over which this Court found that Florida courts have no jurisdiction. As Plaintiff has previously offered to voluntarily dismiss Defendants VRL and SIL, an offer which this Court accepted in the March 6, 2008 Order, and as Mr. Burnet's affidavit brings no clarity[2] to the ownership or use of the SuperClubs website, his affidavit does not aid in this particular inquiry.

Mr. Trotta is the President of International Lifestyles, Inc. ("ILI"). In his affidavit, Mr. Trotta states that the SuperClubs website is maintained and operated by ILI, and that the "Contact Us" section of the SuperClubs website directs users to ILI. (Def.'s Mot., Ex. E). Mr. Trotta also states that ILI is a separate and distinct entity from SPL, and that there is no overlap of ownership, officers, or directors between ILI and SPL. (Id.) This affidavit does not make any

---

[2] Mr. Burnet states that VRL does not own or operate the SuperClubs website. (Def.'s Mot., Ex. D). This is the only mention of the website in his affidavit.

statement as to who owns the website.[3]  First, it should be noted that all of SPL's exhibits attached to its Motion for Reconsideration bring no additional facts to light.  Indeed, each exhibit has been reviewed by this Court on a prior occasion, either because it is a Memorandum filed by the Court itself or was attached by the parties to previous filings.  Second, Mr. Trotta's affidavit provides no evidence as to who owns the SuperClubs website.  While he states that ILI operates and maintains the website, he does not explain what company owns the website, nor does he describe the various uses of the website.  Third, as explained in the March 6, 2008 Order, this Court must construe all reasonable inferences in favor of Plaintiff.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002), quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992).  As it is unclear which companies and officers constitute the entity "SuperClubs" and which entities own and use the SuperClubs website, this Court construed the facts on the record in favor of Plaintiff and concluded in its March 6, 2008 Order that Florida courts have jurisdiction over Defendant SPL.  It is impossible to determine, from the documents provided by the parties, the full nature of the relationship between ILI and SPL.  Defendant SPL maintains that it is not subject to the jurisdiction of the Florida district courts; yet on a motion for reconsideration, it is not the job of this Court to "guess, assume, infer, or to fill in the blanks in order to reconstruct the record so that the documentation fits" Defendant's argument.  Sosenke v. Norwood, 1993 WL 512824, at *5 (E.D.Pa. Dec. 6, 1993).  As Defendant SPL has failed to present any new evidence or change in controlling law, SPL's Motion for Reconsideration will

---

[3] Although Defendant states on the fourth page of its brief that the "Superclubs website is *not* owned . . . by SPL . . . " (emphasis in the original), the affidavits do not negate ownership.  Even if they did, it appears obvious that SPL is benefitting from the website and not doing anything to disclaim its operation in Florida.

be denied.

This Court will also deny Defendant's Request for Certificate of Appeal by Permission. In general, a matter may not be appealed to a court of appeals until a final judgment has been rendered by the district judge under 28 U.S.C. § 1291. A district court is authorized to certify an order for interlocutory appeal only if it finds that: (1) the order involves a controlling question of law, (2) upon which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The decision to certify an appeal rests within the sound discretion of the district court. Douris v. Schweiker, 229 F.Supp.2d 391, 408 (E.D.Pa. 2002) (internal citation omitted). In the present case, there is no controlling question of law pursuant to 28 U.S.C. § 1292(b) as to which there is substantial ground for difference of opinion on this matter, and an appeal now will delay rather than advance the termination of the litigation. As such, the motion will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERYL WALLACE | : | CIVIL ACTION |
| v. | : | |
| INTERNATIONAL LIFESTYLES, INC., et al. | : | NO. 06-1468 |

**<u>ORDER</u>**

AND NOW, this 10th day of June, 2008, upon careful consideration of Defendant Superclubs Properties, Limited's Motion for Reconsideration of the Court's March 6, 2008 Order and Request for Certification of the Order for an Appeal (Doc. No. 115), and the responsive briefing thereto, it is hereby ORDERED that Defendant's Motion is DENIED.

The Court's Order granting Plaintiff's Motion to Stay the deadlines in this case is lifted. Plaintiff will have seven (7) days to file a Notice to Dismiss, without prejudice, Defendants Innovative Resorts, Limited (IRL), Superclubs International, Limited (SIL) and VRL International, Limited (VRL).

(1) If Plaintiff files such notice, the Court will transfer the case against remaining Defendants International Lifestyles, Inc. (ILI) and SuperClubs Properties, Limited (SPL) to the Southern District of Florida.

(2) If Plaintiff fails to file such notice, the following schedule applies for discovery as to the sole remaining Defendant ILI:

i. Discovery deadline: October 15, 2008

ii. Exchange of expert reports pursuant to Rule 26(a)(2):

        Plaintiff:     September 2, 2008

        Defendant:     October 1, 2008

iii. Deadline for dispositive motions:    November 3, 2008

iv. Pretrial Memoranda filed and served pursuant to Local Rule 16.1(c), and service of a copy of trial exhibits:

        Plaintiff:     November 10, 2008

        Defendant:     November 17, 2008

v. Date for trial or entry into trial pool:    January 15, 2009

The parties shall follow Judge Baylson's pretrial and trial procedures.

BY THE COURT:

/s/ Michael M. Baylson

_____

Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-1468 Wallace v. Int'l Lifestyles\Memorandum re Motions for Reconsideration 06-08.wpd